Argued and submitted November 24, 1986, reversed March 11, 1987

STATE ex rel DRISCOLL,
*Appellant,*

*v.*

EARLY AMERICAN
INSURANCE COMPANY,
*Respondent.*

(85-0371; CA A38265)

733 P2d 919

Kathleen Dahlin, Assistant Attorney General, Salem,

argued the cause for appellant. With her on the briefs were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem.

James W. Webb and Michael M. Eley, Montgomery, Alabama, and Richard W. Condon, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The Insurance Commissioner appeals a trial court order directing her to transfer a $30,000 insurance deposit to the domiciliary receiver of Early American Insurance Company in Alabama. We reverse.

Early American, an Alabama domiciliary, was licensed to sell insurance in Oregon. Pursuant to ORS 731.624,[1] it deposited $90,000 in certificates of deposit with the State Treasurer in order to be eligible to write fire, casualty and surety insurance, $30,000 for each type of insurance. However, it only wrote fire and casualty policies in Oregon. This dispute is about the $30,000 deposited in order to write surety insurance.

In January, 1985, an Alabama court declared Early American insolvent and ordered the liquidation of its assets. It also appointed a domiciliary receiver. In March, 1985, the Commissioner petitioned the circuit court to appoint her the ancillary receiver in Oregon. ORS 734.200. The court granted the petition, directed the Commissioner to take possession of all of Early American's assets in Oregon and directed the State Treasurer to transfer Early American's deposits to the Commissioner. Later that month, the Commissioner petitioned for permission to disburse Early American's assets. The court granted the motion. ORS 734.240(2).[2]

---

[1] ORS 731.624 provides, in relevant part:

"Every insurer, before transacting insurance in this state, shall make the following deposits with the State Treasurer:

"(1) Foreign or alien insurers transacting fire insurance in this state, $25,000.

"(2) Foreign or alien insurers transacting casualty insurance in this state, $25,000.

"(3) Foreign or alien insurers transacting surety insurance in this state, $25,000."

[2] ORS 734.240(2) provides, in relevant part:

"The domiciliary receiver of an insurer domiciled in a reciprocal state, shall be vested by operation of law with the title to all the property, contracts and rights of action, and all the books and records of the insurer located in this state, and the domiciliary receiver shall have the immediate right to recover balances due from local agents and to obtain possession of any books and records of the insurer found in this state. The domiciliary receiver shall also be entitled to recover the other assets of the insurer located in this state except that upon the appointment of an ancillary receiver in this state, the ancillary receiver shall during the ancillary receivership proceedings have the sole right to recover such other assets. The

In April, 1985, the Alabama domiciliary receiver moved to set aside the order permitting disbursement of the assets, claiming that the certificates of deposit were general assets and not special deposit assets. The motion also sought the transfer of those assets to the domiciliary receiver. The circuit court granted the motion in part; it ordered the Commissioner to transfer that portion of the special deposit funds which had been deposited for surety insurance. That was error.

Foreign insurers transacting fire, casualty or surety insurance in Oregon are required to make a deposit for each type of insurance before transacting business. ORS 731.624. The purpose of those deposits is to secure the payment of the insurance obligations of the insurer. ORS 731.608. An insurer is required to deposit at least $25,000 under ORS 731.624. Early American deposited $30,000 for each type of insurance.

When Early American was declared insolvent, Oregon appointed the Commissioner as ancillary receiver to take possession of Early American's assets and to settle any claims pertaining to it in Oregon. ORS 734.200. The ancillary receiver had the sole right to recover the insurance deposits and the responsibility to settle any claims against those deposits. After settling all claims, the ancillary receiver must transfer any remaining assets to the domiciliary receiver in Alabama. ORS 734.240(2).

ORS 731.608 provides, in relevant part:

"(1)  Except as provided in subsection (2) of this section, deposits made in this state under ORS 731.624 shall be held for the faithful performance by the insurer of all insurance obligations, including claims for unearned premiums, with respect to domestic risks pertaining to the particular class of insurance for which the deposit was made. * * *

"(2)  If at any time a deposit made under ORS 731.624 by a particular insurer is insufficient to perform the insurance obligations upon the faithful performance of which the deposit was conditioned, then *any other deposit* made under

ancillary receiver shall, as soon as practicable, liquidate from their respective securities those special deposit claims and secured claims which are proved and allowed in the ancillary proceedings in this state, and shall pay the necessary expenses of the proceedings. All remaining assets the ancillary receiver shall promptly transfer to the domiciliary receiver."

ORS 731.624 by that insurer shall be so used to the extent that such other deposit is not used to perform the insurance obligations upon the faithful performance of which such other deposit was conditioned." (Emphasis supplied.)

That statute means that, when the deposit for a particular obligation is insufficient to meet the claims against that obligation, the claims may be satisfied out of any other deposit not used to satisfy claims for its own obligations. The deposit made to allow Early American to write surety insurance has no claims against it. However, under the statute, it is available to satisfy other claims in Oregon against Early American arising out of its other insurance business. The trial court erred in ordering the Commissioner to transfer the surety deposit to the domiciliary receiver.

Reversed.